Jonathan O. Hafen (6096)
D. Craig Parry (7274)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QUEST SOFTWARE, INC.<br><br>Plaintiff,<br><br>v.<br><br>CENTRIFY CORPORATION and LIKEWISE SOFTWARE, INC.,<br><br>Defendants. | **LIKEWISE SOFTWARE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>Case No. 2:10-cv-859-TS<br><br>Honorable Ted Stewart |

## **ANSWER**

Defendant Likewise Software, Inc. ("Likewise") responds to the allegations in the Complaint filed against it by Plaintiff Quest Software, Inc. ("Quest") as follows:

### **Jurisdiction**

**Allegation Para. 1:**   This action arises under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE**:  Likewise admits that this action purports to arise under the Patent Laws of the United States and, as such, that this Court has subject matter jurisdiction over the matter.  Likewise denies any other allegations in Paragraph 1 of the Complaint.

**Allegation Para. 2:**   The Court has personal jurisdiction over Defendants because they regularly conduct business in the State of Utah and in this district, including selling products and/or services to individuals in Utah and in this judicial district that infringe one or more claims of the patent-in-suit in this forum. Each Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over these Defendants would not offend traditional notions of fair play and substantial justice.

**RESPONSE**:  To the extent that the allegations in Paragraph 2 of the Complaint apply to Likewise, Likewise admits that this Court has personal jurisdiction over Likewise for purposes of the present action.  Likewise lacks sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint that refer or relate to Centrify and on this basis denies the same.  Likewise denies any other allegations in Paragraph 2 of the Complaint.

### Venue

**Allegation Para. 3:**   Each of the Defendants has committed acts within this judicial district giving rise to this action, including making, using, offering for sale, selling, or providing infringing products, services, and support to customers in this district, and actively soliciting and doing business in this judicial district. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because defendants may be found in, and have committed infringement in, this district.

**RESPONSE**:  To the extent that the allegations in Paragraph 3 of the Complaint apply to Likewise, Likewise admits that venue for this action is proper in this District.  Likewise lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint that refer or relate to Centrify and on this basis denies the same.  Likewise denies any other allegations in Paragraph 3 of the Complaint.

### The Parties

**Allegation Para. 4:**   Quest Software, Inc. is a Delaware corporation with a principal place of business at 5 Polaris Way, Aliso Viejo, California 92656. Quest Software simplifies and reduces the cost of managing IT across physical, virtual and cloud environments for more than 100,000 customers worldwide.  Quest's innovative solutions make solving the toughest IT management problems easier, enabling customers to save time and money.

**RESPONSE**: Likewise admits that Quest is a Delaware corporation with a place of business at 5 Polaris Way, Aliso Viejo, California 92656. Likewise lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 4 of the Complaint and on this basis denies the same.

**Allegation Para. 5:** Defendant Centrify Corporation is a Delaware corporation with its principal place of business located at 785 N. Mary Avenue, Suite 200, Sunnyvale, California 94085. Centrify sells or offers for sale, licenses, offers to license, imports, and supports infringing products and services in this jurisdiction and throughout the United States, including its Centrify DirectControl software suite and reasonably similar products and services.

**RESPONSE**: Likewise lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint and on this basis denies the same.

**Allegation Para. 6:** Defendant Likewise Software, Inc. is a Delaware corporation with its principal place of business located at 15395 SE 30th Place, Suite 140, Bellevue, Washington 98007. Likewise sells or offers for sale, licenses, offers to license, imports, and supports infringing products and services in this jurisdiction and throughout the United States, including its Likewise Enterprise software suite and reasonably similar products and services.

**RESPONSE**: Likewise admits that it is a Delaware corporation with a principal place of business at 15395 SE 30th Place, Suite 140, Bellevue, Washington 98007 and that one of its products is the Likewise Enterprise software suite. Likewise denies all remaining allegations in Paragraph 6 of the Complaint.

### The Patent-In-Suit

**Allegation Para. 7:** On November 10, 2009, U.S. Patent No. 7,617,501 (the '501 Patent) entitled "Apparatus, System, and Method for Managing Policies on a Computer Having a Foreign Operating System" issued to Matthew T. Peterson and Daniel F. Peterson, who live in the Salt Lake City, Utah metropolitan area. A true and correct copy of the '501 Patent is attached hereto as Exhibit 1.

**RESPONSE**: Likewise admits that a copy of the '501 Patent was attached as Exhibit 1 to the Complaint, wherein the title, issue date and inventors of the '501 Patent are identified on the front page of the patent as indicated in the allegations of Paragraph 7. Likewise is without

3

sufficient knowledge to admit or deny the remaining allegations in Paragraph 7 of the Complaint and on that basis denies the same.

**Allegation Para. 8:** Quest has been the assignee and sole holder of all right, title, and interest in the '501 Patent since its issuance, including all rights to enforce the '501 Patent and to collect past and future damages for infringement.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint and on that basis denies the same.

**Allegation Para. 9:** Quest has complied with the marking requirements of 35 U.S.C. § 287.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and on that basis denies the same.

## Factual Allegations

**Allegation Para. 10:** Quest's Authentication Services software product, including the Group Policy module, is covered by claims of the '501 Patent. Quest acquired the Authentication Services product and the '501 patent in May 2005 when it purchased Vintela, Inc. Vintela was founded and located in Lindon, Utah. Since the acquisition, Quest has maintained the software development team that supports the patented Quest Authentication Services product suite in Lindon, Utah. Presently, Quest's software development team in Lindon comprises approximately 31 employees.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint and on that basis denies the same.

**Allegation Para. 11:** Vintela, Inc. was founded in September 2003 with the goal of providing easily-deployed software solutions that allow users of Microsoft-based systems to interoperate and integrate with UNIX and Linux-based computer systems.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and on that basis denies the same.

**Allegation Para. 12:** Two of the software products that Vintela developed to support interoperability between Microsoft-based and Unix or Linux-based computer systems were

4

Vintela Authentication Services (VAS) and Vintela Group Policy (VGP).[1] Vintela Authentication Services integrates native Unix and Linux authentication interfaces with Microsoft's Active Directory. Vintela Group Policy allows IT administrators to apply policies from Microsoft Active Directory to Unix and Linux systems that are joined to Active Directory Domain with the VAS product. When it was first introduced, Vintela Group Policy was a standalone add-on module to the Vintela Authentication Services product. When Authentication Services Version 3.0 was released in December 2005, Vintela Group Policy was included with the product. Since December 2005, the combined Authentication Services and Group Policy products have been referred-to collectively as Vintela Authentication Services.[2]

**RESPONSE**:  Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 12 of the Complaint and on that basis denies the same.

**Allegation Para. 13:** On July 9, 2004, Matthew T. Peterson and Daniel K. Peterson, employees of Vintela, filed U.S. Patent Application No. 10/888,845.  The '845 application eventually issued as the '501 Patent.  Quest has eight additional patent applications pending before the United States Patent and Trademark Office that relate to products and technologies developed by Vintela.

**RESPONSE**:  Likewise admits that the patent application no. 10/888,845 was filed on July 9, 2004, identifying Matthew T. Peterson and Daniel K. Peterson as inventors and that this application eventually issued as the '501 Patent.  Likewise is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 13 of the Complaint and on that basis denies the same.

**Allegation Para. 14:**  Vintela's Group Policy product was the first software product of its kind that allowed Unix and Linux systems to be managed using Microsoft Windows policy management tools.

**RESPONSE**:  Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint and on that basis denies the same.

**Allegation Para. 15:** When Vintela Group Policy was introduced to the marketplace in September 2004, it enjoyed immediate commercial success and wide recognition as a groundbreaking product.  For example, the product (and the broader Vintela Authentication

---

[1] After Quest acquired Vintela it eventually renamed Vintela Authentication Services as "Quest Authentication Services."

[2] Vintela Authentication Services was later re-branded as Quest Authentication Services.

5

Services suite) was recognized by Network World magazine as a "Category Breaker" in 2005. Soon after Vintela Group Policy was released, competitors rushed to copy its innovative functionality.

**RESPONSE**: To the extent that any allegations in Paragraph 15 apply to Likewise, Likewise denies them. Likewise is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 15 of the Complaint and on that basis denies the same.

**Allegation Para. 16:** Centrify and Likewise offer substantially similar infringing products that copy the patented features of Quest's Authentication Services product suite, and specifically, the functionality of the Group Policy module.

**RESPONSE**: Likewise denies the allegations in Paragraph 16 of the Complaint.

**Allegation Para. 17:** In early 2004, Tom Kemp, Centrify's current CEO, contacted Vintela's CEO on behalf of Mayfield Fund, a California-based venture capital company. Kemp, claiming to be a representative of Mayfield and without disclosing that he actually was in the process of organizing Centrify to compete with Vintela, expressed interest in facilitating an investment by the Mayfield Fund in Vintela, and peppered Vintela's CEO with questions about Vintela's business plan, product offerings, and strategies. Vintela's CEO described the functionality offered by the Authentication Services suite of products, including the Group Policy module, and the market opportunity the software addressed.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 17 of the Complaint and on that basis denies the same.

**Allegation Para. 18:** Tom Kemp never followed-up with Vintela concerning a venture investment. Instead, a few months after the conversation, Vintela learned that Kemp was putting together a company named Centrify specifically to compete with Vintela.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 18 of the Complaint and on that basis denies the same.

**Allegation Para. 19:** The products that Centrify eventually brought to market copied Vintela's. Centrify's CEO Kemp even issued statements to the marketplace about Centrify's products that copied descriptions that Vintela's CEO had made to Kemp during their 2004 conversation about Vintela's Authentication Services products.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 19 of the Complaint and on that basis denies the same.

**Allegation Para. 20:** In September 2004—when Vintela Group Policy was publicly released—Centrify was still working on the first version of its infringing DirectControl product. After Vintela released Group Policy, Centrify postponed the release date of its product into 2005 so that it could analyze and copy the functionality in the Authentication Services suite. When Centrify DirectControl was eventually released in 2005, its functionality copied the functionality of Vintela Group Policy.

**RESPONSE**: Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint and on that basis denies the same.

**Allegation Para. 21:** Likewise, which was previously known as Centeris, introduced its Management Suite in 2006. It, too, copied the functionality of Vintela's Group Policy product and infringed the '501 Patent.

**RESPONSE**: Likewise admits that it was previously known as Centeris Corporation and that at least one version of its Management Suite was commercially available during 2006. Likewise denies all remaining allegations in Paragraph 21 of the Complaint.

**Allegation Para. 22:** Quest has lost sales, sold fewer services and ancillary products, lost market share, suffered price erosion, and had its reputation and good will damaged as a result of Centrify and Likewise's copying of the patented features in the Authentication Services suite of products.

**RESPONSE**: Likewise denies the allegations in Paragraph 16 of the Complaint.

**Allegation Para. 23:** Quest has suffered, is suffering, and will continue to suffer irreparable harm as a result of Centrify and Likewise's infringement of the claims of the '501 Patent. Quest competes directly with Centrify and Likewise. Centrify and Likewise's direct and contributory infringement and inducement of customers' infringement of the '501 Patent have caused Quest to lose sales and market share, damaged Quest's goodwill in the marketplace, put pressure on Quest to reduce the prices it charges for products and services covered by the '501 Patent, damaged its ability to sell associated products and services, and made it more difficult for Quest to establish and maintain long-term customer relationships. Quest's position in the marketplace will continue to be irreparably harmed unless the Court permanently enjoins each Defendant from continuing to infringe the '501 Patent.

**RESPONSE**: Likewise denies the allegations in Paragraph 16 of the Complaint.

**Allegation Para. 24:** Permanent injunctions against further infringement by Centrify and Likewise are warranted because remedies available to Quest at law are insufficient to compensate Quest for the harm Defendants' infringement has caused, and will continue to cause,

to Quest. In addition, Centrify and Likewise may lack sufficient assets to satisfy a money judgment against them.

**RESPONSE**:  Likewise denies the allegations in Paragraph 16 of the Complaint.

**Allegation Para. 25:**  The balance of hardships between Quest and Defendants favors issuance of a permanent injunction against Defendants. Quest would suffer additional irreparable harm if Defendants were allowed to continue infringing Quest's rights in the '501 Patent. Quest has invested large amounts of time and money in developing the products that are covered by the '501 Patent. Further, Quest differentiates itself in the marketplace and creates goodwill for its products through its inventive activities. If Quest's direct competitors are allowed to compete by copying its products, Quest's market share, goodwill, and reputation will be permanently harmed.

**RESPONSE**:  Likewise denies the allegations in Paragraph 16 of the Complaint.

**Allegation Para. 26:**  The public interest in upholding the patent system would be served by permanently enjoining Defendants' infringement. The product features and capabilities that Quest requests be enjoined by the Court would not be withdrawn from the public if an injunction is entered. Quest's own award-winning and patented Authentication Services product is, and will remain, available to customers who desire to lawfully benefit from the technology claimed in the '501 Patent.

**RESPONSE**:  Likewise denies the allegations in Paragraph 16 of the Complaint.

**Claim For Relief**

**Allegation Para. 27:**  Quest realleges and incorporates by reference paragraphs 1-26 of this Complaint as if fully set forth herein.

**RESPONSE**:  Likewise incorporates by reference its responses to the Paragraphs 1-26 above.

**Allegation Para. 28:**  Centrify, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its DirectControl product and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '501 Patent under 35 U.S.C. § 271, including but not limited to exemplary claims 1-4 and 6 of the '501 Patent. Centrify further actively induces infringement of the '501 Patent through, for example, providing customers with instructions and support for DirectControl and other reasonably similar products or services. Centrify contributorily infringes the '501 Patent by making DirectControl and reasonably similar products or services, which have no substantial non-infringing uses, and which Centrify sells to its customers with knowledge of the '501 Patent.

**RESPONSE**:  Likewise is without sufficient knowledge to admit or deny the allegations in Paragraph 28 of the Complaint and on that basis denies the same.

**Allegation Para. 29:** Likewise, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Likewise Enterprise product and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '501 Patent under 35 U.S.C. § 271, including but not limited to exemplary claims 1-4 and 6 of the '501 Patent. Likewise further actively induces infringement of the '501 Patent through, for example, providing customers with instructions and support for Likewise Enterprise and other reasonably similar products or services. Likewise contributorily infringes the '501 Patent by making Likewise Enterprise and reasonably similar products or services, which have no substantial non-infringing uses, and which it sells to its customers with knowledge of the '501 Patent.

**RESPONSE**:  Likewise denies the allegations in Paragraph 29 of the Complaint.

**Allegation Para. 30:**  As a result of the Centrify and Likewise's infringement of the '501 Patent, Quest has lost profits and suffered irreparable harm, and will continue to lose profits and suffer irreparable harm unless and until Centrify and Likewise are enjoined by this Court from future infringement.

**RESPONSE**:  Likewise denies the allegations in Paragraph 30 of the Complaint.

**Allegation Para. 31:** Quest is entitled to recover damages from Centrify and Likewise adequate to compensate for Centrify and Likewise's infringement.

**RESPONSE**:  Likewise denies the allegations in Paragraph 31 of the Complaint. .

**Allegation Para. 32:** Quest is entitled to obtain injunctive relief to prevent future infringement by Centrify and Likewise of Quest's rights in the '501 Patent.

**RESPONSE**:  Likewise denies the allegations in Paragraph 32 of the Complaint.

### Prayer for Relief

**RESPONSE**:  Likewise denies that Quest is entitled to any relief whatsoever, let alone the relief sought in the Prayer for Relief in the Complaint.

## AFFIRMATIVE DEFENSES

Likewise asserts the defenses set forth below and specifically reserves the right to amend its Answer with additional defenses if it obtains facts or information through discovery or otherwise, which merit any additional defenses.

### FIRST AFFIRMATIVE DEFENSE

The claims of the '501 Patent are invalid and/or void because they fail to comply with one or more of the requirements of the patent laws of Title 35, United States Code, including, but not limited to §§ 101, 102, 103, 112 and 132.

### SECOND AFFIRMATIVE DEFENSE

Likewise has not infringed nor is it infringing any valid and enforceable claim of the '501 Patent.

### THIRD AFFIRMATIVE DEFENSE

By reason of the proceedings in the United States Patent and Trademark Office ("PTO") regarding the patent application that matured into the '501 Patent, and by reason of statements, admissions and/or amendments made by or on behalf of the applicant during those proceedings or during proceedings of a related patent, Quest is estopped from construing any valid claim of the '501 Patent to cover any of Likewise products that are alleged to infringe the '501 Patent.

### FOURTH AFFIRMATIVE DEFENSE

Quest has not suffered injury or damages that are the result, or proximate result, of any act, affirmative, or otherwise, committed by Likewise.

### FIFTH AFFIRMATIVE DEFENSE

Quest is not entitled to injunctive relief because, among other bases, any injury to Quest is not immediate or irreparable, Quest would have an adequate remedy at law, and Quest's

admission in prior litigation that royalties comprise adequate compensation to remedy any damage that may have been caused.

### SIXTH AFFIRMATIVE DEFENSE

Quest's claim for relief is barred, in whole or in part, based on the doctrines of waiver, estoppel and/or laches.

### COUNTERCLAIMS

Defendant and Counter-Claimant Likewise Software, Inc. ("Likewise") for its counterclaims against Plaintiff and Counterclaim-Defendant Quest Software, Inc. ("Quest"), alleges as follows:

### Nature of the Case

1.  This is a counterclaim for declaratory judgment of non-infringement and invalidity of United States Patent No. 7,617,501 (the "'501 Patent") pursuant to 28 U.S.C. § 2201 *et seq*.

### Parties

2.  Likewise is a Delaware corporation with a principal place of business located at 15395 SE 30th Place, Suite 140, Bellevue, Washington 98007.

3.  Quest is a Delaware corporation with a place of business at 5 Polaris Way, Aliso Viejo, California 92656.

### Jurisdiction and Venue

4.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 2201, and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

5.  Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)-(c).

Quest resides in this District for purposes of venue and is subject to the personal jurisdiction of this Court.

### First Counterclaim - Declaration of Non-Infringement

6. Likewise incorporates by reference the allegations set forth above.

7. Quest has asserted that Likewise infringes one or more claims of the '501 Patent. Likewise denies that it infringes any valid and enforceable claims of the '501 Patent. As such, a substantial, actual and justiciable controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

8. A judicial declaration is necessary and appropriate so that Likewise may ascertain its rights regarding the alleged infringement of the '501 Patent.

9. Likewise is entitled to a declaration from this Court that it does not directly or indirectly infringe any valid and enforceable claims of the '501 Patent.

### Second Counterclaim - Declaration of Invalidity

10. Likewise incorporates by reference the allegations set forth above.

11. Quest has asserted that one or more claims of the '501 Patent are valid and that Likewise infringes those claims. Likewise denies this allegation and alleges that the claims of the '501 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, 112 and 132. As such, a substantial, actual and justiciable controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

12. A judicial declaration is necessary and appropriate so that Likewise may ascertain its rights regarding the validity of the '501 Patent.

13. Likewise is entitled to a declaration from this Court that none of the claims of the '501 Patent is valid.

## PRAYER FOR RELIEF

WHEREFORE, Likewise respectfully requests that the Court enter judgment in its favor and prays that the Court grant the following relief to Likewise:

A. Issue a declaration that Likewise does not and has not infringed, either directly or indirectly, any valid and enforceable claim of the '501 Patent;

B. Issue a declaration that the claims of the '501 Patent are invalid and unenforceable;

C. Enter an order declaring that Likewise is the prevailing party and that this is an exceptional case, awarding Likewise costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

D. Issue such other and further relief as this Court may deem just and proper.

Respectfully submitted on September 21, 2010.

PARR BROWN GEE & LOVELESS

By: /s/Jonathan O. Hafen
Jonathan O. Hafen
185 South State Street, Suite 800
Salt Lake City, UT 84111
Tel: (801) 532.7840
Fax: (801) 532.7750
Email: jhafen@parrbrown.com
*Attorneys for Defendant Likewise Software, Inc.*

351619