BRENT O. HATCH (5715)
bhatch@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, UT  84101
Telephone:	(801) 363-6366
Facsimile:	(801) 363-6666

TOM FRIEL (pro hac vice pending)
frieltj@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:	(415) 693-2000
Facsimile:	(415) 693-2222

WAYNE O. STACY (pro hac vice pending)
stacywo@cooley.com
ORION ARMON  (pro hac vice pending)
oarmon@cooley.com
COOLEY LLP
380 Interlocken Crescent, 9th Floor
Broomfield, CO  80021-8023
Telephone:	(720) 566-4000
Facsimile:	(720) 566-4099

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QUEST SOFTWARE, INC., <br>         Plaintiff, <br>   v. <br> CENTRIFY CORPORATION and LIKEWISE SOFTWARE, INC., <br>         Defendants. | **SCHEDULING ORDER** <br><br> Case No. 2:10-cv-00859-TS <br><br> Judge Ted Stewart |

      Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel (docket #39).  The court held an Initial Pretrial Conference on January 19, 2011.  Appearing for Plaintiff was Brent Hatch, Esq. and Orion Armon, Esq.  Defendants

were represented by Jonathan Hafen, Esq, Mark Hindley, Esq. and Marc Ascolese, Esq.  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

1. **PRELIMINARY MATTERS**

    - Nature of claims and any affirmative defenses: This is a patent infringement case.  The defendants' primary affirmative defenses are non-infringement and patent invalidity.

    | | | |
    |---|---|---|
    | a. | Was Rule 26(f)(1) Conference held? | 12/08/10 |
    | b. | Has Attorney Planning Meeting Form been submitted? | 12/13/10 |
    | c. | Was 26(a)(1) initial disclosure completed? | 1/17/2011 |

2. **DISCOVERY LIMITATIONS**

    | | | |
    |---|---|---|
    | a. | **30(b)(6) Depositions** (no limit on the number of 30(b)(6) depositions or the length of any single 30(b)(6) deposition, with the understanding that no single day of deposition testimony will last more than seven hours) | <u>35 hours per party</u> |
    | b. | **30(a)(1) Depositions** (no limit on the number of 30(a)(1) depositions; limit of seven hours per witness; no witness may be deposed more than once) | <u>45 hours per party</u> |
    | c. | **Third-party Depositions** (no limit on the number of 30(a)(1) depositions; limit of seven hours per witness; no witness may be deposed more than once) | <u>55 hours per party</u> |
    | | **Expert Depositions** (One 7 hour deposition per expert, per report (reply reports do not count as separate reports); each expert witness disclosed by a party may be deposed for up to seven hours during a single day for each expert report served (this agreement does not create a presumptive right to re-depose an expert who serves a supplemental report, but neither does it prohibit a party from seeking leave of court to do so). | <u>One per expert, per report</u> |
    | d. | Maximum Interrogatories by any Party to any Party | <u>30</u> |
    | e. | Maximum requests for admissions by any Party to any Party | <u>88</u> |

|   |   |   |
|---|---|---|
| f. | Maximum requests for production by any Party to any Party | <u>Unlimited</u> |

g. Discovery of electronically stored information should be handled as follows:

- **The parties agree that electronically stored information will be produced to other parties in (1) native form, or (2) processed to include extracted text (including meta data), .Tiff images, and a Concordance-compatible load file. The parties further agree that financial information will be produced in Excel format or a comparable electronic spreadsheet format only to the extent it is maintained or available, without undue burden or expense, in such format from the producing party.**

h. Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows:  *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).*

- **The parties agree to abide by the provisions of Fed. R. Civ. P. 26(b)(5)(B)**

- **The parties agree that, absent a specific request, they need not include in any privilege log information subject to claims of attorney-client privilege or work product protection that were created after August 28, 2010.**

- **The parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under FRE 502(b)(2).**

- **The parties plan to negotiate and propose a stipulated protective order governing discovery of confidential and highly confidential information.**

3. **AMENDMENT OF PLEADINGS/ADDING PARTIES**[2]

| | | |
|---|---|---|
| a. | Last Day to File Motion to Amend Pleadings | <u>06/15/2011</u> |
| b. | Last Day to File  Motion to Add Parties | <u>03/7/2011</u> |

4. **RULE 26(a)(2) REPORTS FROM EXPERTS**[3]

- **Opening expert reports for each party with the burden of proof on an issue at trial:**
    - **August 22, 2011**

- **Rebuttal expert reports:**
    - **September 19, 2011**

- **Reply expert reports:**

    o September 29, 2011

5. **OTHER DEADLINES**

 a. **Discovery Cutoff:**

- **Fact:  July 29, 2011**
- **Expert:  October 21, 2011**

 b. **Claim Construction**

- **Exchange claim terms:  September 2, 2011**
- **Exchange proposed constructions on disputed terms:  September 16, 2011**
- **Opening Claim Construction Briefs: September 30, 2011**
- **Opposition Claim Construction Briefs (one for each Defendant permitted but not required): October 21, 2011**

 c. Deadline for filing dispositive or potentially dispositive motions

- **Opening Briefs: November 4, 2011**
- **Responses in opposition: December 2, 2011**
- **Reply briefs due: December 12, 2011**

6. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

|   |   |   |
|---|---|---|
| a. | Referral to Court-Annexed Mediation: | <u>NO</u> |
| b. | Referral to Court-Annexed Arbitration | <u>NO</u> |
| c. | Evaluate case for Settlement/ADR on | 3/2/2012 |
| d. | Settlement probability: | FAIR |

7. **TRIAL AND PREPARATION FOR TRIAL**  **TIME**  **DATE**

 a. Rule 26(a)(3) Pretrial Disclosures[4]

|   |   |   |   |
|---|---|---|---|
|   | Plaintiff |   | 02/17/2012 |
|   | Defendant |   | 03/02/2012 |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) |   | 00/00/00 |
| c. | Special Attorney Conference[5] on or before |   | 03/16/2012 |
| d. | Settlement Conference[6] on or before |   | 03/16/2012 |
| e. | Final Pretrial Conference: | 2:30 p.m | 03/26/2012 |
| f. | Trial     **Length** |   |   |
|   | i. Bench Trial     *# days* | ___:__ __.m. | 00/00/00 |
|   | ii. Jury Trial     *10 days* | 8:30 a.m. | 04/09/2012 |

**8.   OTHER MATTERS**

Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Dated January 28, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

348434 v3/CO

---

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately assigned or referred to that Magistrate Judge.

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

---

[3] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[4] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[5] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[6] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.