HATCH, JAMES & DODGE, PC
BRENT O. HATCH (5715)
bhatch@hjdlaw.com
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone:     (801) 363-6366
Facsimile:      (801) 363-6666

COOLEY LLP
THOMAS J. FRIEL, JR. (*pro hac vice*)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

COOLEY LLP
WAYNE O. STACY (*pro hac vice*)
(stacywo@cooley.com)
ORION ARMON (*pro hac vice*)
(oarmon@cooley.com)
BRIAN EUTERMOSER (*pro hac vice*)
(beutermoser@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

*Attorneys for Plaintiff Quest Software, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH,**
**CENTRAL DIVISION**

| | |
|---|---|
| QUEST SOFTWARE, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>CENTRIFY CORPORATION,<br><br>          Defendant. | CASE NO. 2:10-CV-00859-TS<br><br>**MEMORANDUM IN SUPPORT OF QUEST'S MOTION TO EXCLUDE PRIOR ART REFERENCES LISTED IN CENTRIFY'S INCOMPLETE RESPONSE TO INTERROGATORY NO. 8**<br><br>**EXPEDITED BRIEFING REQUESTED** |

Plaintiff Quest Software, Inc. submits this memorandum in support of its motion to compel Defendant Centrify Corporation to preclude Centrify from relying on prior art references and combinations for which Centrify has not provided the requested information in Quest's Interrogatory No. 8. Given the limited time remaining in the discovery period, Quest further requests that the Court order an expedited briefing schedule for the present motion.

### CERTIFICATION OF CONFERENCE PURSUANT TO DUCIVR 37-1(A)

Counsel for Quest has conferred with Centrify's counsel on multiple occasions in attempting to resolve this dispute, most recently via teleconference with Marc Ascolese and Duy Nguyen on June 28, 2011, and with Duy Nguyen and Menesh Patel on July 1, 2011.  Counsel for Centrify has indicated that Centrify opposes the relief requested.

### I.   INTRODUCTION

In this patent infringement action involving software used to manage heterogeneous computer networks, Centrify contends that the claims of the patent in suit are invalidated by more than 340 alleged prior art references. Centrify bears the burden of proof on patent invalidity, so it must show that each and every claim limitation in each asserted patent claim is disclosed in a single prior art reference, or that each claim is rendered obvious by one or more prior art references. *Rowe v. Dror*, 112 F.3d 473, 478 (Fed. Cir. 1997) (describing anticipation invalidity standard); *Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353-54 (Fed. Cir. 1999) (describing obviousness invalidity standard).

By necessity, prior art invalidity analysis is painstaking and highly technical. The question of validity turns on whether the prior art discloses each and every claim element, and there are often a dozen or more separate claim elements in a patent claim. Many jurisdictions,

such as the Northern District of California, therefore require that alleged infringers provide invalidity claim charts that show on a claim-by-claim and element-by-element basis where each claim element is disclosed in the prior art. *See* Ex. 1, N. D. Cal. Patent Local Rules, Rule 3-3. In jurisdictions where patent local rules are not in effect, parties commonly serve interrogatories that ask alleged infringers to identify each prior art reference or combination of references that allegedly invalidates each patent claim, and further request an invalidity claim chart that shows how those references disclose the elements of each claim.

On April 1, 2011, Quest served an interrogatory on Centrify (Interrogatory No. 8) that requested that Centrify identify each prior art reference or combination of references that allegedly invalidates each asserted claim along with a detailed invalidity claim chart that shows where each prior art reference discloses the limitations in each patent claim.

Centrify did not object that the interrogatory was overly burdensome—again, such interrogatories are routine. Instead, Centrify answered the interrogatory and provided invalidity claim charts showing how four of the 340 prior art references allegedly disclose each limitation of each asserted patent claim. Then, Centrify merely noted that "[i]n addition to the above references, the claims of the '501 Patent are presently understood to be anticipated or obvious taken alone or in combination with at least the following references." Ex. 2, Centrify's Objs. & Resps. to Quest's 1st Set of Interrogs. ("Centrify's Response"), at 74.

Upon receiving Centrify's response to Interrogatory No. 8, Quest repeatedly requested Centrify to provide detailed invalidity claim charts for <u>all</u> of the prior art references and combinations that it intends to present at trial. Centrify refuses to do so, while reserving the right to make invalidity arguments at trial using any combination of the more than 340 prior art

references listed in its interrogatory response. Centrify's position is tantamount to providing no response at all with respect to 336 of the 340 prior art references identified in its interrogatory response because the possible combinations of the 340 references are so numerous that their number defies calculation.[1] Quest cannot investigate such an impossibly large number of references and combinations. Quest therefore requests that Centrify be precluded from relying on any of the 336 prior art references that it included in its response to Interrogatory No. 8 but did not substantiate with invalidity claim charts.

## II.   FACTUAL BACKGROUND

Quest and Centrify both sell software that supports interoperability between Microsoft-based and UNIX- and Linus-based computer systems. On August 27, 2010, Quest filed suit for infringement of U.S. Patent No. 7,617,501 ("the '501 patent"), which covers core policy translation technology sold by both companies. In response, Centrify contends that every claim of the '501 patent is invalid.

On April 1, 2011, Quest served interrogatories that sought detailed information concerning Centrify's defenses. In particular, Interrogatory No. 8 requested the basis for Centrify's contention that the patent in suit is invalid, including a detailed description of Centrify's position and identification of all supporting evidence:

---

[1] Centrify's 340 listed references "alone or in combination" include a total number of possible combinations equal to 340 x 339 x 338 . . . x 2 x 1, described by the mathematical notation 340!. Microsoft Excel and at least two web-based calculators used by Quest's counsel generate an error message when attempting to perform that operation. As a point of comparison, however, had Centrify limited itself to only 150 references "alone or in combination" with one another, Quest would still be facing $5.71 \times 10^{262}$ possible prior art combinations.

> **INTERROGATORY NO. 8.:**
>
> For each claim of each PATENT IN SUIT that YOU contend is invalid, describe in detail YOUR full basis for contending that the claim is invalid, and identify all EVIDENCE relied upon by YOU to support YOUR contentions.

Ex. 3, Quest's 1st Set of Interrogs. to Centrify, at 9.

Centrify's original response, which was served on May 9, 2011, included detailed information for only a handful of prior references and combinations:

- U.S. Patent Application No. 2003/0023587 ("Dennis");

- Dennis in combination with U.S. Patent Application No. 2003/0009487 ("Prabakaran");

- Dennis in combination with *Windows 2000 Active Directory*;

- U.S. Patent No. 5,838,918 ("Prager"); and

- Prager in combination with Prabakaran.

*See* Ex. 2, Centrify's Response, at 19-74. However, Centrify's response to Interrogatory No. 8 also listed more than 300 U.S. patents and applications and more than 40 other documents in its response, with no explanation as to how any of those references support Centrify's invalidity position. *Id.* at 74-90. Centrify provided no claim charts or other information and identified no evidence relating to any of those references. Centrify stated only that <u>all</u> of those additional references, either alone or in unspecified combinations, anticipate the claims of the patent in suit or render them obvious. *Id.* at 74. In addition, Centrify suggests that it will disclose additional facts in support of its invalidity contentions during expert discovery. *Id.* at 91.

Since only the charted references and combinations in Centrify's response provide any of the substantive information requested in Interrogatory No. 8, Quest asked Centrify either to

provide the requested information or to confirm that it will not pursue references that were listed but not charted in its response.  *See* Ex. 4, Eutermoser Letter to Ascolese, May 20, 2011.  Over the course of various conversations on May 23rd and May 24th, Centrify's counsel indicated that Centrify would supplement its response to Interrogatory No. 8 with additional claim charts and/or other information for at least some of the 340 references listed in its original response.  Then, in a May 26th email, Centrify confirmed its agreement to supplement its response by June 9th.  *See* Ex. 5, Ascolese Email to Eutermoser, May 26, 2011.

Centrify finally supplemented its response to Interrogatory No. 8 on June 16, 2011, a week later than promised.  *See* Ex. 6, Centrify's 2nd Supp. Resp. to Quest's 1st Set of Interrogs., at 101-102.  That supplemental response, however, was limited to Centrify's invalidity arguments under 35 U.S.C. § 112.  *See id.*  Centrify did not provide claim charts or any other information relating to the more than 340 references listed in Centrify's original response.  Because Centrify's supplemental response did not address those references, Quest again asked Centrify to confirm that it would be limited to the references and combinations that were charted in Centrify's original response.  *See* Ex. 7, Eutermoser Letter to Ascolese, June 22, 2011.  When the parties met and conferred on June 28th, Centrify agreed to decide by July 1st whether it would provide claim charts for additional references and combinations, and disclaim all others, by July 8th.  *See* Ex. 8, Eutermoser Letter to Ascolese, June 29, 2011.

Centrify declined Quest's invitation to supplement its invalidity contentions by July 8th in a late-night email on June 30th.  *See* Ex. 9, Nguyen Email to Eutermoser, June 30, 2011.  Centrify proposed instead that it be allowed to supplement its response to Interrogatory No. 8, among others, up until July 25, 2011, only four days before the July 29th close of fact discovery.

*Id.* Because Quest could not obtain discovery regarding the prior art status or additional information from prior art authors in four days, Quest filed the present motion to ensure that it is not blindsided at trial by new invalidity contentions that were not identified in Centrify's interrogatory response..

## III. ARGUMENT

Centrify's identification of an impossibly large number of prior art references and combinations—and its refusal to provide detailed information for them requested in Interrogatory No. 8—represents a "kitchen sink" approach to patent litigation that is inconsistent with the Federal Rules of Civil Procedure and that has been flatly rejected by the courts. Centrify cannot hold its options open for trial by asserting a laundry list of prior art with no other information. Centrify should therefore be limited to the prior art references and combinations that Centrify charted against the claims of the '501 patent, and the Court should preclude Centrify from relying on the other 340 references and combinations listed in Centrify's response to Quest's interrogatory.

Quest is entitled to explore Centrify's invalidity contentions during fact discovery. *See, e.g.*, *Flying J, Inc. v. TA Operating Corp.*, No. 1:06 CV 30 TC, 2007 WL 1302756, at *1 (D. Utah May 2, 2007) ("An interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor.") (citation omitted). However, adequate discovery is simply not possible when Centrify's contentions include more than 340 individual prior art references "alone or in combination" with one another. *See* Ex. 2, Centrify's Response, at 74. In short, Centrify's noncommittal response provides no meaningful notice about which specific theories Centrify will actually pursue at trial.

Courts have refused to allow the factorial approach Centrify relies on in asserting an essentially limitless number of possible prior art combinations. In *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144-LED-JDL, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009), the court held that the defendant violated local patent rules by identifying a list of 500 prior art references with no explanation as to how they anticipated or rendered obvious the patent in suit. Noting that the defendant's list of references created "an impossibly high number of combinations," the court excluded all references and combinations that were not charted against the claims of the patent in suit. *Realtime Data*, 2009 WL 4782062, at *3. Like Centrify, the defendant in *Realtime Data* sought to rely on language in its disclosures purporting to reserve the right to rely on any combination of the listed references. *Id*. In another patent case, the defendant attempted to insert a similarly expansive list of prior art references through an expert report. *See Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2011 WL 1542126 (D. Idaho, April 21, 2011). The court granted a motion to strike the new references as untimely, explaining that if the defendant were allowed to add them, the plaintiff "would be entitled to a fair opportunity to counter them, requiring further delay in both discovery and trial." *Id.* at *4.

Courts have also rejected similar attempts to avoid taking a position on patent invalidity during fact discovery. *See, e.g.*, *Eli Lilly & Co. v. Wockhardt Ltd.*, 2010 WL 2195436, at *2-3 (S.D. Ind. May 27, 2010); *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 187808, at *3-4 (N.D. Ind. Jan. 23, 2009). In *Eli Lily*, the district court ordered the defendant to promptly supplement its response to an almost identical interrogatory, rejecting the defendant's attempt to avoid identifying the complete basis for its invalidity defense until fact discovery was completed. *Eli Lilly*, 2010 WL 2195436, at *3. The court in *BASF Catalysts* reached a similar result, explaining

that "early answers to contention interrogatories may be compelled where such answers would satisfy the twin aims of efficiency and fairness." *BASF Catalysts*, 2009 WL 187808, at *4.

Here, the number of possible prior combinations identified by Centrify makes it impossible for Quest to counter them, even if time were not a factor. And Centrify's latest proposal would leave Quest with only four days to investigate any additional invalidity contentions. Quest has repeatedly asked Centrify to provide detailed information about its invalidity theories with enough time left in the discovery period for Quest to explore them. Centrify has refused. At this late date, with the discovery cutoff fast approaching, efficiency and fairness require that Centrify be limited to the prior art references and combinations for which it has provided a substantive response to Quest's interrogatory.

## IV. CONCLUSION

For the foregoing reasons, Quest respectfully requests that the Court enter an order precluding Centrify from relying on prior art references and combinations for which Centrify has not provided requested information requested in Quest's Interrogatory No. 8.

Dated: July 7, 2011                COOLEY LLP


                                    */s/ Brian Eutermoser*
                                       Brian Eutermoser (pro hac vice)

                                    Attorneys for Plaintiff Quest Software, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2011, I served a copy of the foregoing **MEMORANDUM IN SUPPORT OF QUEST'S MOTION TO EXCLUDE PRIOR ART REFERENCES LISTED IN CENTRIFY'S INCOMPLETE RESPONSE TO INTERROGATORY NO. 8** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

### ATTORNEYS FOR CENTRIFY CORPORATION

**David J. Jordan**
**Mark E. Hindley**
STOEL RIVES
201 S Main St., Ste 1100
Salt Lake City, UT 84111-4904
Email: djjordan@stoel.com
Email: mehindley@stoel.com

**Edward V. Anderson**
**Peter Kang**
**Duy Nguyen**
**Robert B. Morrill**
SIDLEY AUSTIN LLP
1001 Page Mill Rd., Bldg. 1
Palo Alto, CA 94304
Email: evanderson@sidley.com
Email: pkang@sidley.com
Email: rmorrill@sidley.com
Email: ddnguyen@sidley.com

**Philip W. Woo**
**Menesh Patel**
SIDLEY AUSTIN LLP
555 California St., Ste 2000
San Francisco, CA 94104
Email: menesh.patel@sidley.com
Email: pwoo@sidley.com

*s/ Brian Eutermoser*