DAVID J. JORDAN (1751)
djjordan@stoel.com
MARK E. HINDLEY (7222)
mehindley@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:    801-328-3131
Facsimile:    801-578-6999

EDWARD V. ANDERSON (*pro hac vice*)
evanderson@sidley.com
ROBERT B. MORRILL (*pro hac vice*)
rmorrill@sidley.com
PETER H. KANG (*pro hac vice*)
pkang@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road
Building 1
Palo Alto, CA 94304
Telephone:    650-565-7000
Facsimile:    650-565-7100

*Attorneys for Defendant Centrify Corporation*

[ADDITIONAL COUNSEL SHOWN
ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QUEST SOFTWARE, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>CENTRIFY CORPORATION and<br>LIKEWISE SOFTWARE, INC.,<br><br>         Defendants. | **DEFENDANT CENTRIFY CORPORATION'S MEMORANDUM IN OPPOSITION TO QUEST'S MOTION TO EXCLUDE PRIOR ART REFERENCES**<br><br>Case No. 2:10-CV-00859-TS<br><br>The Honorable Ted Stewart |

I.      **INTRODUCTION**

The fundamental mistaken assumption of Quest's motion is that Centrify is subject to discovery obligations which simply do not apply in this case.  Quest asks this Court to effectively sanction Centrify for an alleged failure to comply with Quest's unilateral demand for additional invalidity contentions, even though Centrify has already provided Quest with invalidity contentions and Centrify continues to supplement those interrogatory responses as called for by the Federal Rules.  Moreover, the relief Quest seeks (an order sanctioning Centrify by barring certain substantive defenses which Centrify can assert in this case) is wholly unsupported by law because Centrify has not violated any Court Order or any applicable rule.  The disproportionate relief Quest seeks reveals this to be nothing more than a tactic by Quest designed to distract Centrify at the close of a busy fact discovery period and the start of expert discovery.  It is unfortunate that Quest, a large publicly traded company, would resort to such tactics to try to over-litigate this case and force Centrify (a small, privately held startup) to expend additional attorneys' fees to fend off a motion which is moot in light of Centrify's voluntary supplementing of discovery responses.  Quest's motion should be denied.

In this motion, Quest seeks an order from this Court barring Centrify from relying on invalidity defenses based on certain prior art references in Centrify's response to Quest's Interrogatory No. 8 on the (erroneous) ground that Centrify has not provided Quest a "detailed invalidity claim chart" for each of those references.  Quest's Memorandum ("Mem.") at 3. Quest's  memorandum itself reveals why this motion is wrong on both the facts and law, was completely unnecessary, and can and should be summarily denied.  In particular, according to Quest:

> "Many jurisdictions, such as the Northern District of California . . . require that alleged infringers provide invalidity claim charts that show on a claim-by-claim and element-by-element basis where each element is disclosed in the prior art.  In jurisdictions where patent local rules are not in effect, parties commonly serve interrogatories that ask alleged infringers to identify each prior art reference or combination of

-1-

> references that allegedly invalidates each patent claim, and further request an invalidity claim chart that shows how those references disclose the elements of each claim."

*Id.* at 2-3 (citation to N.D. Cal. Patent Local Rules, Rule 3-3 removed). This case, however, is not pending in the Northern District of California – *it is pending in the District of Utah*, and in this district there is no rule or Order that requires Centrify to provide Quest with the invalidity claim charts it seeks, let alone on the timetable Quest has unilaterally selected. In effect, Quest is attempting to have the rules of the Northern District of California – or at least one such rule presumably favorable to Quest – govern Centrify's discovery obligations in this case. This Court should reject Quest's transparent effort to impose discovery obligations on Centrify that Centrify does not have.[1]

Second, Interrogatory No. 8 asks Centrify to "describe in detail [Centrify's] full basis for contending that the claim[s] [are] invalid, and identify all Evidence relied upon by [Centrify] to support [its] contention." *Id.* at 5. Centrify provided and continues to provide Quest with the information that Quest requested in its sweeping interrogatory, such as all of the prior art references that Centrify in good faith believes support its contention that the claims at issue are invalid based on the analysis Centrify has conducted to date. Quest should not now be heard to complain about Centrify providing a thorough response to an overbroad interrogatory that Quest itself propounded.

Finally, and perhaps most fundamentally, *Centrify has provided and continues to provide Quest with the invalidity claim charts Quest seeks*. As Centrify has repeatedly told Quest – including multiple times before this motion was filed – Centrify will and does agree to provide Quest additional invalidity claim charts in advance of the July 29, 2011 fact discovery cut-off in

---

[1] Quest's attempt to litigate this case as if it were pending in the Northern District of California is particularly curious given how vigorously Quest opposed Centrify's motion to transfer this case to that district.

this action. Nonetheless, Quest elected to file this unnecessary and baseless motion that serves no purpose other than to waste Centrify and this Court's resources.[2] Consistent with the obligation to supplement interrogatory responses under the Federal Rules, Centrify has provided Quest with additional invalidity claim charts to Quest and will continue to do so until July 29. Accordingly, since Centrify has agreed to provide, and has provided and will continue to provide, the invalidity charts Quest requests, this motion remains baseless and should be denied.[3]

## II.  FACTUAL BACKGROUND

In this patent lawsuit, Quest is alleging Centrify infringes U.S. Patent No. 7,617,501. On December 23, 2010, Centrify filed a motion to transfer venue to the Northern District of California. *See* Centrify's Motion to Transfer Venue to the Northern District of California and Request for Oral Argument (Docket No. 42). Quest opposed that motion. *See* Quest's Memorandum in Opposition to Centrify's Motion to Transfer Venue to the Northern District of California (Docket No. 50). The Court ultimately denied that motion and retained venue in this District. *See* Memorandum Decision and Order Denying Defendant Centrify Corporation's Motion to Transfer Venue and Motion to Stay Pending *Inter Partes* Reexamination (Docket No. 65).

On November 24, 2010, the U.S. Patent Office agreed to reexamine the Quest patent because there is a substantial new question of the validity of that patent. *See* Patel Dec., Ex. A (November 24, 2010 order by the United States Patent and Trademark Office Granting

---

[2] After this motion was filed, Centrify met and conferred with Quest on two occasions in which it explained that it was committed to supplementing its response to Interrogatory No. 8. During those meet and confer sessions, Centrify asked Quest to withdraw the motion, but Quest refused. Declaration of Menesh S. Patel ("Patel Dec."), filed herewith, ¶ 1.

[3] Additionally, this is not a motion in limine. Therefore, to the extent that Centrify's response to Interrogatory No. 8 is deficient in some way – which it is not – the proper remedy is for the Court to order Centrify to supplement that response, not, as Quest requests, order certain evidence excluded at trial.

Reexamination Request in Application No. 95/001,458).   On January 21, 2011 the Patent Office issued an Office Action rejecting all the claims of the Quest patent as invalid in light of several prior art references.  *See id.*, Ex. B (January 21, 2011 Office Action by the United States Patent and Trademark Office in Application No. 95/001,458).  In a submission to the Patent Office, Quest identified over 350 additional prior art references for consideration by the Patent Office.  *See id.*, Ex. C (Information Disclosure Statement submitted by Quest to the United States Patent and Trademark Office in Application No. 95/001,458).

On April 1, 2011, Quest served Interrogatory No. 8 on Centrify.  That contention interrogatory stated:

> "For each claim of each Patent-in-suit that You contend is invalid, describe in detail Your full basis for contending that the claim is invalid, and identify all Evidence relied upon by You to support Your contentions."

Patel Dec., Ex. D (Quest's First Set of Interrogatories) at 9.  Centrify served its response to that interrogatory on May 5, 2011.  *Id.*, Ex. E (Centrify's response to Interrogatory No. 8). That response spanned over seventy pages and included, among other information, invalidity claim charts for five prior art references and combinations.  *Id.*  Centrify also identified approximately 340 other prior art references and documents responsive to the interrogatory's charge that Centrify provide the "full basis" for its contention that the claims at issue are invalid*. Id.*  Many of the prior art references included references that Quest is already familiar with from the Patent Office reexamination, including references Quest itself submitted to the Patent Office.  *See id.*, Ex. C (Information Disclosure Statement submitted by Quest to the United States Patent and Trademark Office in Application No. 95/001,458).

Quest objected to Centrify's response to Interrogatory No. 8 on the ground that Centrify did not provide claims charts for each and every one of the prior art references identified in that response.   In a letter dated May  20, 2011, Quest demanded that Centrify provide Quest with invalidity claims chart for any prior art reference or combination that Centrify intended to rely on

-4-

at trial. *Id.*, Ex. F (May 20, 2011 letter from B. Eutermoser to M. Ascolese) at 4. Centrify supplemented its response to Interrogatory No. 8 on June 16, 2011 and provided detailed information on Centrify's invalidity arguments under 35 U.S.C. § 112. *Id.*, Ex. G (Centrify's first supplemental response to Interrogatory No. 8). No additional invalidity claim charts were provided in Centrify's June 16, 2011 supplemental response to Interrogatory No. 8. *Id.*

During a June 28, 2011 meet and confer, Quest threatened Centrify with this motion if Centrify did not tell Quest by July 1, 2011 whether Centrify would provide Quest with invalidity claim charts for all prior art references and combinations that Centrify intended on relying on at trial. *Id.,* Ex. H (June 29, 2011 letter from B. Eutermoser to M. Ascolese).

Centrify the next day contacted Quest and proposed that both parties supplement all of their contention interrogatory responses by July 25, 2011, the Monday before the July 29, 2011 fact discovery cut-off in this matter. *Id.*, Ex. I (June 30, 2011 email from D. Nguyen to B. Eutermoser and others). Quest outright rejected that proposal and again raised its threat of filing the current motion, stating that it had "no choice" but to do so. *Id.*, Ex. J (July 1, 2011 email from B. Eutermoser to D. Nguyen) (not cited in or attached to Mem.). Centrify wrote back to Quest later that day and reminded Quest that "Centrify has stated that it is willing to supplement its response to Quest's Interrogatory No. [8] by July 25 to identify and chart additional prior art references and combinations." *Id.*, Ex. K (July 1, 2011 email from D. Nguyen to B. Eutermoser) (not cited in or attached to Mem.). Centrify explained to Quest that, "[i]n view of the negligible differences in the time between the parties' positions, we don't think it's the best use of time for the parties or the Court to address this issue particularly in view of the remaining time for fact discovery." *Id.*

Five days later, Quest once again threatened Centrify with this motion and presented Centrify with a "proposed stipulation" drafted by Quest that would require Centrify to "agree to limit itself to its charted references and combinations." *Id.*, Ex. L (July 6, 2011 email from B.

-5-

Eutermoser to D. Nguyen) (not cited in or attached to Mem.).  Quest told Centrify that "[i]f Centrify will agree to [the] stipulation by noon MDT tomorrow, the parties can avoid involving the Court.  Otherwise, Quest will file the motion." *Id.*  Quest filed this motion the next day.  The motion seeks an order from this Court precluding Centrify from relying at trial on any prior art reference or combination for which Centrify had not, as of the date of the motion filing, provided Quest an invalidity claim chart.

As Centrify committed, on July 25, 2011, Centrify provided a further supplemental response to Interrogatory No. 8, in which Centrify, among other things, provided an additional 415 pages of invalidity claim charts detailing invalidity in light of five additional prior art references.  *See id.*, ¶ 3.

### III.    ARGUMENT

This motion is baseless and a complete waste of Centrify and the Court's resources.  Quest argues that it is "entitled to explore Centrify's invalidity contentions during fact discovery."  Mot. at 7.  Centrify does not dispute that and in fact has provided Quest an extremely detailed and thorough response to Interrogatory No. 8 that provides the basis for Centrify's position that the patent-in-suit is invalid as Centrify currently understands it.  Centrify also has provided and will provide Quest with additional invalidity claim charts.  There was no reason for this motion to have been filed, no reason for it not to have been withdrawn, and the Court may reject it now without expending any additional time on it.

Quest is wrong when it argues that a rule of procedure obligates Centrify to provide Quest with invalidity claim charts for the prior art references and combinations Centrify has identified in its response to Interrogatory No. 8 on a schedule unilaterally set by Quest.  Of course, while some judicial districts do have local rules requiring the defendant to provide the plaintiff with invalidity claim charts by a specified date, there is no such rule in this district.  *See*

Rules of Practice, United States District Court for the District of Utah, *available at*, http://www.utd.uscourts.gov/documents/2010rules.html (last accessed July 24, 2011).

The very cases cited by Quest demonstrate that Quest is wrong in arguing that Centrify is obligated to provide Quest with an invalidity claim chart for each prior art reference and combination cited in Centrify's response to Interrogatory No. 8. Quest cites *Realtime Data, LLC v. Packeteer*, No, 6:08-cv-144-LED-JDL, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009) (cited in Mot. at 8) for the proposition that "[c]ourts have refused to allow the factorial approach Centrify relies on in asserting an essentially limitless number of possible prior art combinations." Mot. at 8. The court in *Realtime Data*, however, was applying the local patent rules of the Eastern District of Texas, which of course do not apply in this case. *See id.* at *3.[4] Similarly, Quest cites *Fleming v. Escort*, Inc., No. CV 09-105-S-BLW, 2011 WL 1542126 (D. Idaho, Apr. 21, 2011) (cited in Mot. at 8) for the proposition that "[i]n another patent case, the defendant attempted to insert a similarly expansive list of prior art references through an expert report . . . [and] the court granted the motion to strike the new references as untimely." Mot. at 8. Quest's motion reveals the defect in relying on *Fleming*: this is still the fact discovery period and not the expert discovery period; and Centrify is not trying to belatedly insert prior art references into an expert report. Furthermore, the Court in *Fleming* was not applying the Federal Rules of Civil Procedure but rather the local patent rules of the District of Idaho, which again do not apply in this case. *See Fleming*, 2011 WL 1542126 at *1 ("Both motions turn largely on the level of

---

[4] The excerpt from *Realtime Data* on page 8 of Quest's brief fails to include the court's reference to the local rules that governed its decision. The complete excerpt is "To the contrary, this type of disclosure cannot serve as sufficient notice because [defendant] disclosed over 500 prior art references in Appendix J, resulting in an impossibly high number of combinations to serve the notice function *contemplated by the Patent Rules [of the Eastern District of Texas]*." *Realtime Data*, 2009 WL 4782062, at *3. (emphasis added) (footnote removed). Moreover, the court recognized that where a plaintiff has asserted a large number of allegedly infringed claims, the defendant may find it necessary to similarly identify a large number of prior art references. *See id.* at *3 n.7. That is precisely the case here as Quest has asserted forty allegedly infringed claims. *See* Patel Dec., Ex. M (Quest's response to Centrify's Interrogatory No. 2) at 4.

detail required for patent invalidity contentions and the standard for amending those contentions. The required level of detail is set forth in Local Patent Rule 3.3 [of the District of Idaho].").[5]

The other two cases cited by Quest – *Eli Lilly & Co. v. Wockhardt Ltd.*, 2010 WL 2195436 (S.D. Ind. May 27, 2010) (cited in Mot. at 8) and *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 197808 (N.D. Ind. Jan. 23, 2009) – are even less on point and in fact undermine Quest's argument that Centrify's response to Interrogatory No. 8 is somehow incomplete. In *Eli Lilly*, the defendant's response to the plaintiff's invalidity contention interrogatory was simply nothing more than that "its [invalidity] defense [is] based on 'notice pleading intended to encompass non-statutory defenses now being investigated and/or which may be fleshed out through discovery which is ongoing.'" 2010 WL 2195436, at *2. Similarly, in *BASF Catalysts*, the defendants' response to the invalidity contention interrogatory at issue was simply nothing more than that "[c]laims five and nine are ambiguous and can be subject to varying interpretation and therefore fail to meet the requirements of 35 U.S.C. § 112." 2009 WL 187808, at *3. Here, in stark contrast, Centrify has provided a lengthy and thorough response to Quest's invalidity contention interrogatory in both original and supplemented interrogatory responses served within the fact discovery period. *See* Patel Dec., Exs. E (Centrify's response to Interrogatory No. 8), G (Centrify's supplemental response to Interrogatory No. 8). And, as discussed below, Centrify has provided and will provide Quest with additional invalidity claim charts in supplemental interrogatory responses.

Quest's suggestion that Centrify's response to Interrogatory No. 8 fails to adequately inform Quest of the basis of Centrify's invalidity contentions because the response is too lengthy

---

[5] Furthermore, the court granted the motion to strike the defendant's invalidity contentions on the ground that the defendant identified those contentions 18 months after the deadline for invalidity contentions. *See Fleming*, 2011 WL 1542126, at *2. The fact discovery cut-off has not been reached yet as of the date of this opposition, and Centrify has shown its reasonable good faith in continuing to provide supplemental interrogatory responses within the fact discovery deadline.

-8-

is similarly baseless. *See* Mot. at 7, 9. Interrogatory No. 8 asked Centrify to describe its ***"full basis"*** for its contention that the claims at issue are invalid. Centrify responded to that interrogatory by providing Quest the prior art references and combinations that, given the analysis Centrify has conducted to date, Centrify believes supports its position that the claims at issue are invalid. It borders on the absurd for Quest to propound such a broad contention interrogatory and turn around and now complain that Centrify's request is deficient because it provides Quest with ***too much*** information. And, to the extent Centrify's response is in some way deficient, the proper remedy, of course, is for the Court to order Centrify to supplement its response, not preclude Centrify from offering certain evidence at trial, as Quest requests. Quest's own cited cases reflect the procedural irregularity of Quest's requested relief. *See Eli Lilly*, 2010 WL 2195436, at *3 (ordering defendant to supplement deficient response to invalidity contention interrogatory); *BASF Catalysts*, 2009 WL 187808, at *3 (same).

Finally, and most critically, this motion is wholly unwarranted because Centrify has agreed to provide, and has provided and will provide, Quest with additional invalidity claim charts within the fact discovery deadline. As discussed, when Quest threatened Centrify with this motion, Centrify clearly explained to Quest – on two occasions – that Centrify will provide Quest with additional invalidity charts, thus obviating the need for this motion. For whatever the reason, Quest proceeded with this motion and has refused to withdraw it despite multiple requests from Centrify that it do so. Consistent with its agreement, and despite the fact that Quest has forced Centrify to respond to this baseless motion, Centrify provided Quest with additional invalidity claim charts on July 25, 2011 and will provide additional charts to Quest by July 29, 2011, the close of fact discovery in this matter. *See* Patel Dec. ¶¶ 3, 4.[6] Accordingly, this motion should never have been brought in the first place and it should be denied now.

---

[6] Ironically, Quest supplemented its incomplete interrogatory responses for the *first time* on July 25, 2011, despite the fact that Centrify had identified numerous deficiencies in those responses

*(Footnote continued)*

-9-

## CONCLUSION

Quest's motion seeks relief which is a premature and unwarranted trial sanction against Centrify. Centrify has been continuously following and fulfilling its obligations under the Federal Rules of Civil Procedure which govern the interrogatory at issue here, not the Local Patent Rules from other districts cited by Quest. Quest's motion is a waste of judicial and party resources, at a time when the parties are attempting to complete multiple fact witness depositions throughout the United States. Quest's motion should be denied.

---

(... *continued footnote*)

weeks earlier. *See* Patel Dec. ¶ 4; Exs. N (July 2, 2011 letter from Menesh Patel to Orion Armon and others) (identifying deficiencies in Quest's response to Interrogatory No. 6), O (July 6, 2011 letter from Orion Armon to Menesh Patel), P (July 7, 2011 letter from Menesh Patel to Orion Armon) (identifying deficiencies in Quest's responses to Interrogatory Nos. 1, 4, 5, 6, 8, & 10).

-10-

| | |
|---|---|
| Dated: July 25, 2011 | SIDLEY AUSTIN LLP & STOEL RIVES LLP |
| | /s/ Edward V. Anderson |

DAVID J. JORDAN (1751)
djjordan@stoel.com
MARK E. HINDLEY (7222)
mehindley@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:     801-328-3131
Facsimile:     801-578-6999

EDWARD V. ANDERSON (*pro hac vice*)
evanderson@sidley.com
ROBERT B. MORRILL (*pro hac vice*)
rmorrill@sidley.com
PETER H. KANG (*pro hac vice*)
pkang@sidley.com
DUY D. NGUYEN (*pro hac vice*)
ddnguyen@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Bldg. 1
Palo Alto, CA 94304
Telephone:     650-565-7000
Facsimile:     650-565-7100

PHILIP W. WOO (*pro hac vice*)
pwoo@sidley.com
MENESH S. PATEL (*pro hac vice*)
menesh.patel@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone:     415-772-1200
Facsimile:     415-772-7400

*Attorneys for Defendant Centrify Corporation*

SF1 1721983v.1

-11-