IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QUEST SOFTWARE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRIFY CORPORATION and LIKEWISE SOFTWARE, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE PRIOR ART REFERENCES<br><br><br><br>Case No. 2:10-CV-859 TS |

This matter is before the Court on Plaintiff Quest Software, Inc.'s ("Quest") Motion to Exclude Prior Art References Listed in Centrify's Incomplete Response to Interrogatory No. 8. In its Motion, Quest asks the Court to preclude Defendant Centrify Corporation ("Centrify") from relying on prior art references and combinations for which Centrify has not provided the information requested in Quest's Interrogatory No. 8. Through its Motion, Quest asks this Court to impose upon the parties rules that have not been adopted by this Court and seeks to avoid the procedures set out in the Federal Rules of Civil Procedure when incomplete interrogatory responses are given. For the reasons discussed below, the Court will deny Plaintiff's request.

1

## I. BACKGROUND

This is a patent infringement case, wherein Defendant Centrify contends that the claims of the patent in suit are invalidated by alleged prior art references. During discovery, Quest served an interrogatory on Centrify (Interrogatory No. 8) requesting that Centrify identify each prior art references or combination of references that allegedly invalidates each asserted claim along with a detailed invalidity claim chart that shows where each prior art reference discloses the limitation in each patent claim.

Centrify responded to Interrogatory No. 8 with invalidity claim charts for five prior art references and combinations, and identified approximately 340 other prior art references. The parties then engaged in discussions concerning amendments to the interrogatories. Since its original response, Centrify has provided two supplemental responses to Interrogatory No. 8. The latest version includes more than 950 pages of claim charts. Both of these supplemental responses were provided within the discovery period, with the latest occurring on the final day of fact discovery.

## II. DISCUSSION

In its Motion, Quest seeks to limit Centrify to those prior art references and combinations that Centrify charted against the claims of the patent in suit. Quest seeks an order from the Court precluding Centrify from relying on the other identified, but uncharted, references and combinations. In support of its Motion, Quest points to courts where local patent rules have been adopted requiring the disclosure of invalidity claim charts by a specified date. In such districts,

courts preclude reliance on invalidity contentions not identified within the prescribed deadlines.[1] This, Court, however, has not adopted any such local rules. Therefore, Quest's reliance on case law from those districts is unavailing.

Without local rules governing the disclosure of invalidity claim charts, the Court turns to the Federal Rules of Civil Procedure. Rule 33 governs the use of interrogatories.[2] Rule 26(e) requires a party to supplement its response to interrogatories.[3] As set forth above, Centrify has responded to Quest's interrogatory and has provided supplementation within the fact discovery deadline. When a party provides an incomplete answer to an interrogatory, a motion to compel may be brought pursuant to Rule 37(a)(3).[4] If the motion is granted and the party fails to comply, sanctions may be entered.[5] This is the appropriate procedure if Quest believes that Centrify's

---

[1] *See Fleming v. Escort, Inc.*, 2011 WL 1542126, at *1 (D. Idaho April 21, 2011) (applying Local Patent Rule 3.3); *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 4782062, at *2 (E.D. Tex. Dec. 8, 2009) (applying Local Patent Rule 3-3).

[2] Fed.R.Civ.P. 33.

[3] Fed.R.Civ.P. 26(e)(1).

[4] Fed.R.Civ.P. 37(a)(3)(B)(iii); Fed.R.Civ.P.(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response, must be treated as a failure to disclose, answer, or respond."). Sanctions may be imposed for a complete failure to respond to interrogatories. *See* Fed.R.Civ.P. 37(d). However, "[t]he provisions of Rule 37(d) with regard to interrogatories do not apply for anything less than a serious or total failure to respond to interrogatories." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2291 (3d ed. 2010) (quotation marks and citation omitted). This is not what occurred here.

[5] Fed.R.Civ.P. 37(b).

response to Interrogatory No. 8 is insufficient, as is set out in the very cases Quest cites in support of this Motion.[6]

The Court wishes to emphasize that it will not permit "litigation-by-ambush"[7] and will not permit the use of undisclosed evidence. However, the Court cannot find that this is what has occurred here. Rather, Centrify responded to Quest's Interrogatory No. 8 and has supplemented that response. If Qwest believes that these responses are incomplete, it may file a Motion to Compel. Therefore, the Court will deny the Motion.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Exclude Prior Art References Listed in Centrify's Incomplete Response to Interrogatory No. 8 (Docket No. 85) is DENIED.

The hearing set for September 27, 2011, is STRICKEN.

DATED   August 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] *See Eli Lilly & Co. v. Wockhardt Ltd.*, 2010 WL 2195436, at *1 (S.D. Ind. May 27, 2010); *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 187808, at *1 (N.D. Ind. Jan. 23, 2009).

[7] Docket No. 96 at 3.

4