IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QUEST SOFTWARE, INC., <br><br> Plaintiff, <br><br><br><br><br><br> vs. <br><br><br> CENTRIFY CORPORATION and LIKEWISE SOFTWARE, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT CENTRIFY'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT <br><br><br><br><br> Case No. 2:10-CV-859 TS |

This matter is before the Court on Defendant Centrify Corporation's ("Centrify") Motion for Leave to File First Amended Answer. Defendant seeks to file an amended Answer to assert a claim of inequitable conduct. Plaintiff opposes the Motion, arguing that it is untimely, that it is futile, and that Plaintiff would be unduly prejudiced by the proposed amendment. For the reasons discussed below, the Court finds that amendment would be futile. Therefore, Defendant's Motion will be denied.

# I. BACKGROUND

Plaintiff Quest Software, Inc. filed this action on August 27, 2010, against Defendants Centrify Corporation and Likewise Software, Inc.[1]  Plaintiff has now filed an Amended Complaint alleging that Defendant infringes U.S. Patent No. 7,617,501 (the "'501 Patent"), which has been acquired by Plaintiff.  In its Answer, Defendant denies infringement and seeks a declaration of noninfringement and invalidity of the '501 Patent.  Defendant now seeks to amend its answer to add a claim of inequitable conduct.

Defendant's proposed inequitable conduct claim alleges that one of the inventors of the '501 Patent, Matthew Peterson, the patent agent, Steven F. McDaniel, and the in-house Director of Intellectual Property for Plaintiff, Melanie Kacerek, breached their duties of candor and good faith in dealing with the United States Patent and Trademark Office ("PTO").  Specifically, Defendant alleges that Peterson, McDaniel, and Kacerek failed to disclose a prior art reference, the Prager Patent, and documents relating the rejection of the foreign counterpart of the '501 Patent.

Defendant further alleges that McDaniel submitted an Information Disclosure Statement ("IDS") that contained an allegedly incorrect "Certification Statement."  The "Certification Statement" contained an allegedly false statement concerning the timing of communications from the European Patent Office ("EPO").  The IDS was further non-compliant because the proper fee had not been paid.  As a result, Defendant alleges that the PTO did not consider the Prager Patent

---

[1]Plaintiff and Defendant Likewise Software, Inc. have subsequently entered into a stipulated judgment and permanent injunction.  Docket No. 71.

and other documents associated with the prosecution of the foreign counterpart of the '501 patent.

Finally, Defendant alleges that Peterson failed to disclose material information and made affirmative misrepresentations in the Inventor Affidavit submitted to the PTO in connection with the prosecution of the '501 Patent.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule specifies that the "court should freely give leave when justice so requires."[2] However, a court may deny a motion for leave to amend when it would be futile to allow the party an opportunity to amend.[3] A party seeking to avoid dismissal on the basis of futility must meet the pleading requirements of the particular cause of action.

To prevail on a claim of inequitable conduct, the accused infringer must present "evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the [PTO]."[4] The Federal Circuit has held that a party asserting a claim of inequitable conduct must plead it with the specificity required by Federal Rule of Civil Procedure 9(b).[5]

---

[2]Fed. R. Civ. P. 15(a)(2).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4]*Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1363 (Fed. Cir. 2007).

[5]*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

Specifically, "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."[6]

The Federal Circuit recently "tightened the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public."[7] In *Therasense*, the Federal Circuit held that "the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it."[8]  The court rejected a sliding scale approach, holding that both intent and materiality must be proven by clear and convincing evidence.

As to the intent prong, the Federal Circuit held that courts may infer intent from indirect and circumstantial evidence, but that such intent must be "the most reasonable inference able to be drawn from the evidence."[9]  As for the materiality prong, the court adopted a but-for standard. Under this standard, the Court must determine whether "the PTO would have allowed the claim if it had been aware of the undisclosed reference."[10]  Thus, "a party must make an initial showing from which it may be plausibly inferred that: (1) the individual knew of the information not

---

[6]*Id*.

[7]*Therasense Inc. v. Becton Dickinson & Co.*, 99 U.S.P.Q.2d 1065, 1072 (Fed. Cir. 2011).

[8]*Id*.

[9]*Id*. at 1073 (quotation marks and citations omitted).

[10]*Id*. at 1074.

disclosed; (2) the information not disclosed was but-for material to the prosecution of the patent;

and (3) the intent to deceive is the single most likely explanation for the non-disclosure."[11]

With this in mind, the Court turns to consideration of the allegations of inequitable

conduct in Defendant's proposed Amended Answer. Defendant makes three arguments in support

of its inequitable conduct claim.[12] First, Defendant alleges that Plaintiff failed to disclose the

Prager Patent and documents related to the rejection of the foreign equivalent of the '501 Patent.

Second, Defendant alleges that Plaintiff made a misstatement on the IDS form concerning the

timing of when certain items were disclosed and that Plaintiff failed to pay the appropriate filing

fee. Finally, Defendant alleges that the inventor, Mr. Peterson, made false statements in the

Inventor Affidavit.

Two of these claims clearly do not meet the pleading standard set forth above. Defendant

has not presented sufficient allegations that the alleged misstatement on the IDS form was either

material or made with the requisite intent. Nor are there allegations to support a claim that the

misstatements in the Inventor Affidavit meet the materiality and intent requirements. Therefore,

amendment will not be permitted to add these claims.

The remaining allegation, that Plaintiff failed to disclose the Prager Patent and other

documentation related to the rejection of the foreign equivalent of the '501 Patent, presents a

closer question. Defendant alleges that Peterson, McDaniel, and Kacerek failed to disclose the

---

[11]*Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, — F. Supp. 2d —, 2011 WL 3563112, at *16 (E.D. Va. Aug. 12, 2011).

[12]At oral argument the parties focused exclusively on the alleged failure to disclose the Prager reference.

Prager Patent and various other documents and that, when they eventually did so, they failed to submit the required fee, resulting in the Examiner not considering this information. Defendant further alleges that these individuals withheld this information with the intent to deceive the PTO. Defendant further alleges that the recent rejection of the '501 Patent upon reexamination in view of the Prager Patent demonstrates that the '501 Patent would not have been issued but for the failure to properly cite the Prager Patent and these other materials.

Though a closer question than the other claims, this claim also fails to meet the heightened pleading standard. First, there is no failure to disclose. The allegations show that Plaintiff did, in fact, disclose Prager to the PTO on two separate occasions. The parties agree that Prager was first disclosed orally and then a second time in the alleged defective IDS form. Thus, there is nothing to support the first prong of an inequitable conduct claim.

Further, there are insufficient allegations to support the requisite level of intent. As stated, the Federal Circuit has recently held that the intent to deceive must be the most reasonable inference to be drawn from the evidence. Plaintiff did disclose the Prager Patent to the PTO. It is difficult to image how disclosure of a prior art reference shows a clear intent to deceive the PTO, let alone that the intent to deceive is the most reasonable inference to be drawn. Indeed, at oral argument, Plaintiff represented, and Defendant did not dispute, that Mr. McDaniel was inexperienced. Thus, McDaniel's inexperience is just as likely an explanation for the alleged ineffective disclosure. Because the allegations do not reveal that the intent to deceive is the most reasonable inference to be drawn from the evidence, this claim fails and amendment to add this claim would be futile.

III. CONCLUSION

It is therefore

ORDERED that Defendant Centrify Corporation's Motion for Leave to File First

Amended Answer (Docket No. 102) is DENIED.

DATED   November 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge